UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY HITE**                                                                  **CIVIL ACTION**

**VERSUS**                                                                       **NO. 16-13828**

**TERREBONNE PARISH CRIMINAL**                          **SECTION "G" (4)**
**JUSTICE COMPLEX, ET AL**

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

The plaintiff, Larry Hite ("Hite"), is an inmate housed at the Terrebonne Parish Criminal Justice Complex at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. Hite filed this complaint against the Terrebonne Parish Criminal Justice Complex and the Terrebonne Parish Sheriff's Office.

Hite alleges that on or about November 20, 2015 he and three other trustees were on mop bucket detail, picking up mop buckets from D-Pod. R. Doc. 1, p. 5. Hite further states that Deputy Butler was in charge of the detail and that he was rushing the detail to complete their work. *Id.* Hite alleges that, while he was holding the door, Deputy Butler quickly pulled the door shut and smashed Hite's finger in the door. *Id.* Hite says that his finger was hurt badly, but the medical department quickly examined the finger and decided that the finger was okay because nothing was broken. Hite says that his finger and hand still bother him to this day. *Id.* Hite seeks compensation

for the accident and for his pain and suffering. Hite also seeks an order to receive medical treatment for his hand, preferably from a doctor outside of the facility. *Id.*

## II.     Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. <u>Improper Defendants</u>

#### A. **Terrebonne Parish Criminal Justice Complex**

Hite named the Terrebonne Parish Criminal Justice Complex as a defendant in this action. Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." Title 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Under federal law, a county prison facility is not a "person" within the meaning of the statute. *Cullen v. DuPage County*, No. 99-c-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). Thus, the Terrebonne Parish Criminal Justice Complex is clearly not a proper defendant in this case.

In addition, a parish prison is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure and state law. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Thus, the Court will look to Louisiana law to determine if the Terrebonne Parish Criminal Justice Complex can be sued.

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Although Louisiana courts have not ruled on the issue of whether a Parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Board of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine

an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. . . .Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts*, 634 So. 2d at 346-47 (citation omitted). In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. App. 3rd Cir. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." *Id*. at 613.

Furthermore, Louisiana law divides the responsibility for its Parish jails. The Parish is charged with its jails' physical maintenance. La. Rev. Stat. Ann. § 15:702. However, the duty to administer and operate the jails falls on the Sheriff of each Parish. La. Rev. Stat. Ann. § 15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the Parish government. La. Const. art. 5 § 27; *see Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. App. 2nd Cir. 1991) (holding that the parish could not be liable for injuries attributed to the sheriff).

Under the *Roberts* framework, the jail facilities are not "legally empowered to do" anything

4

independently of either the respective Parish officials or the Parish Sheriff. *See Roberts*, 634 So. 2d at 347. The prison is not a separate entity, but merely a shared branch or facility of these greater entities. As such, the claims against Terrebonne Parish Criminal Justice Complex are therefore frivolous and otherwise fails to state a claim for which relief can be granted.

      **B.**     **Terrebonne Parish Sheriff's Office**

Hite has also named the Terrebonne Parish Sheriff's Office as a defendant in this action. "However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002)). *See also Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D.La. Nov. 24, 2008); *Fitch v. Terrebonne Parish Sherif Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D.La. Sept. 18, 2006). As such, the claim against the Terrebonne Parish Sheriff's Office is also frivolous and otherwise fails to state a claim for which relief can be granted.

**IV.**     <u>Recommendation</u>

It is therefore **RECOMMENDED** that Larry Hite's § 1983 claims against Terrebonne Parish Criminal Justice Complex and Terrebonne Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 24th day of October, 2016.

  KAREN WELLS ROBY
  UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.